UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                               :

RANDA KARIM,                          :

                 Plaintiff,         :

                 -v-                    :           26 Civ. 2066 (JPC)

                               :

EQUIFAX INFORMATION SERVICES LLC, *et al.*,   :            ORDER

                               :

                 Defendants.      :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Randa Karim has filed a notice of voluntary dismissal, a notice of settlement, or a stipulation of dismissal for Defendants Equifax Information Services LLC ("Equifax"), Transunion LLC ("Transunion"), Capital One Bank, N.A. ("Capital One"), Wells Fargo Bank, N.A. ("Wells Fargo"),[1] Pennsylvania Higher Education Assistance Agency ("PHEAA"), Citibank, N.A. ("Citibank"), and Synchrony Bank.  Dkts. 12, 25, 26, 28, 29, 30, 31.

Accordingly, it is ordered that Karim's claims against Equifax, Transunion, Capital One, and Citibank are dismissed without costs and without prejudice to renewing the claims, provided the application is made within sixty days of this Order in the event the settlement agreement is not completed and executed.  Any such application filed after sixty days from the date of this Order may be denied solely on that basis.  If such parties wish for the Court to retain jurisdiction for the purposes of enforcing any settlement agreements, they must submit the settlement agreement to the Court by the deadline to reopen to be "so ordered" by the Court.  Pursuant to 3.G of the Court's

---

[1] The stipulation of voluntary dismissal of Karim's claims against Wells Fargo was marked as deficient by the Clerk's Office due to the fact that the stipulation was signed by a different attorney from the same law firm which filed a notice of appearance on behalf of Wells Fargo. *See* Dkt. 30.  The Court accepts this stipulation of dismissal as sufficient and therefore dismisses without prejudice Karim's claims against Wells Fargo.

Individual Rules and Practices for Civil Cases, unless the Court orders otherwise, the Court will not retain jurisdiction to enforce a settlement agreement unless it is made part of the public record.

Additionally, it is ordered that Karim's claims against PHEAA are dismissed without costs and without prejudice to renewing the claims, provided the application is made within ninety days of this Order in the event the settlement agreement is not completed and executed.  Any such application filed after ninety days from the date of this Order may be denied solely on that basis.  If Karim and PHEAA wish for the Court to retain jurisdiction for the purposes of enforcing any settlement agreements, they must submit the settlement agreement to the Court by the deadline to reopen to be "so ordered" by the Court.  Pursuant to 3.G of the Court's Individual Rules and Practices for Civil Cases, unless the Court orders otherwise, the Court will not retain jurisdiction to enforce a settlement agreement unless it is made part of the public record.

Karim has not provided proof of service upon the remaining Defendants: Experian Information Solutions, Inc. ("Experian")[2] and Maximum Education, LLC.  By June 19, 2026, Plaintiff must file proof of service upon those Defendants or a letter describing why good cause exists to excuse Plaintiff's failure to serve Defendant within the 90-day deadline set by Rule 4(m). *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

---

[2] The Court earlier issued an Order which incorrectly stated that Karim had filed a waiver of service that was signed on behalf of Experian Information Solutions, Inc.  *See* Dkt. 22.  No such waiver of service has been filed.

The Clerk of Court is respectfully directed to terminate Defendants Equifax Information Services LLC, Transunion LLC, Capital One Bank, N.A., Wells Fargo Bank, N.A., Pennsylvania Higher Education Assistance Agency, and Citibank, N.A.

    SO ORDERED.

Dated: June 15, 2026
      New York, New York

_____
JOHN P. CRONAN
United States District Judge